# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | WILLIAM T. HART | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 97 C 7556 | DATE | JULY 19, 2001 |
| CASE TITLE | SHARON ANDERSON, et al. v. MARIO CORNEJO, etc., et al. | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due _____. Reply to answer brief due _____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing set for [held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]  Plaintiffs' motion to compel written discovery [289-1] is granted in part and denied in part as described herein. By July 27, 2001, defendants shall provide the additional documents.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 7 number of notices | Document Number |
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | JUL 20 2001 date docketed | |
| | Notified counsel by telephone. | | | 306 |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | FILED FOR DOCKETING 01 JUL 19 PM 5:49 | JULY 19, 2001 date mailed notice | |
| | CW courtroom deputy's initials | Date/time received in central Clerk's Office | MQM mailing initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

SHARON ANDERSON, et al., )
)
        Plaintiffs, )
)
v. ) No. 97 C 7556
)
MARIO CORNEJO, individually and )
in his official capacity, )
et al., )
) **DOCKETED**
        Defendants. )
                          JUL 2 0 2001

## MEMORANDUM OPINION AND ORDER

As presently constituted, this case has approximately 90 named plaintiffs, all of whom are African American women who were allegedly searched by employees of the United States Customs Service at Chicago's O'Hare International Airport following their arrival on international flights. Named as defendants are the United States, the Customs Service, and approximately 70 current or former employees of the Customs Service. Both supervisory and nonsupervisory employees are sued in their individual capacities. Some of the claims for injunctive relief have been certified as a class action. Plaintiffs' pending claims include that (a) they were discriminatorily selected for nonroutine personal searches; (b) defendants lacked sufficient cause to search them; (c) they were subjected to false imprisonment, assault, and battery in

violation of the Federal Tort Claims Act; (d) defendants should have obtained judicial authorization for some of the searches; and (e) supervisory defendants are responsible for allowing the aforementioned conduct to occur. See generally Anderson v. Cornejo, 199 F.R.D. 228 (N.D. Ill. 2000). Presently pending is plaintiffs' motion to compel written discovery.[1]

Many of the disputes involved in the present motion concern defendants' invocation of the deliberative process and attorney-client privileges. The "deliberative process [privilege] covers 'documents reflecting advisory opinions, recommendations and deliberations comprising part of the process by which governmental decisions and policies are formulated.' The deliberative process privilege rests on the obvious realization that officials will not communicate candidly among themselves if each remark is a potential item of discovery and front page news, and its object is to enhance 'the quality of agency decisions' by protecting open and frank discussion among those who make them within the Government." Department of Interior v. Klamath Water Users Protective Association, 121 S. Ct. 1060, 1065-66 (2001) (quoting NLRB v. Sears, Roebuck & Co., 421 U.S. 132, 150, 151 (1975)).

To qualify for the deliberative process privilege, a communication must be both predecisional and deliberative.

---

[1] In camera, the court has been provided with unredacted versions of some of the disputed documents. As to all documents that today's order requires be disclosed, it is assumed that, if necessary, appropriate protective orders are in place.

Becker v. IRS, 34 F.3d 398, 403 (7th Cir. 1994); United States v. Farley, 11 F.3d 1385, 1389 (7th Cir. 1993); Allen v. Chicago Transit Authority, 198 F.R.D. 495, 502 (N.D. Ill. 2001). "[A] document must be (1) predecisional, that is, 'antecedent to the adoption of agency policy,' and (2) deliberative, that is, actually 'related to the process by which policies are formulated.'" Texaco Puerto Rico, Inc. v. Department of Consumer Affairs, 60 F.3d 867, 884 (1st Cir. 1995) (quoting National Wildlife Federation v. United States Forest Service, 861 F.2d 1114, 1117 (9th Cir. 1988)). The agency invoking the privilege has the initial burden of showing that it applies. Becker, 34 F.3d at 403 (quoting King v. IRS, 684 F.2d 517, 519 (7th Cir. 1982)); Allen, 198 F.R.D. at 501. The privilege is to be construed narrowly. Farley, 11 F.3d at 1389. See also Becker, 24 F.3d at 403 (quoting In re Wade, 969 F.2d 241, 247 (7th Cir. 1992)).

The deliberative process privilege is qualified and "may be overcome where there is a sufficient showing of a particularized need to outweigh the reasons for confidentiality." Farley, 11 F.3d at 1389. This need determination is to be made on a case-by-case, ad hoc basis with the competing interests being weighed and balanced. Id. at 1389-90; In re Sealed Case, 121 F.3d 729, 737 (D.C. Cir. 1997). The burden is on the party seeking the documents to show that its needs outweigh the government's interests. See Farley, 11 F.3d at 1389-90. Factors to consider include "the relevance of the evidence, the

availability of other evidence, the seriousness of the litigation, the role of the government, and the possibility of future timidity by government employees." In re Sealed Case, 121 F.3d at 737-38 (quoting In re Subpoena Served Upon Comptroller of Currency, 967 F.2d 630, 634 (D.C. Cir. 1992)). Accord Redland Soccer Club, Inc. v. Department of Army, 55 F.3d 827, 854 (3d Cir. 1995), cert. denied, 516 U.S. 1071 (1996); K.L. v. Edgar, 964 F. Supp. 1206, 1209 (N.D. Ill. 1997); Mr. & Mrs. B v. Board of Education of Syosset Central School District, 35 F. Supp. 2d 224, 228-29 (E.D.N.Y. 1998). The privilege may be overcome when the evidence goes to government misconduct. Hinckley v. United States, 140 F.3d 277, 285 (D.C. Cir. 1998); In re Sealed Case, 121 F.3d at 738; Texaco Puerto Rico, 60 F.3d at 885; Judicial Watch of Florida, Inc. v. United States Department of Justice, 102 F. Supp. 2d 6, 15 (D.D.C. 2000); Walker v. City of New York, 1998 WL 391935 *1 (S.D.N.Y. July 13, 1998); Marisol A. v. Giuliani, 1998 WL 132810 *6 (S.D.N.Y. March 23, 1998); Hinsdale v. City of Liberal, Kansas, 1997 WL 557314 *1 (D. Kan. 1997). Some courts have held that the privilege does not apply at all when the claim in the case goes to the government's subjective intent or the deliberations themselves constitute part of the alleged wrongdoing. In re Subpoena Duces Tecum Served on Office of Comptroller of Currency, 145 F.3d 1422, 1424, on reconsideration, 156 F.3d 1279, 1279-80 (D.C. Cir. 1998); Marisol, 1998 WL 132810 at *6; Dominion Cogen, D.C., Inc. v. District of Columbia, 878 F. Supp. 258, 268 (D.D.C. 1995). But

compare First Heights Bank, FSB v. United States, 46 Fed. Cl. 312, 321-22, clarified in part, 46 Fed. Cl. 827 (2000) (not automatic, but a factor that may overcome the privilege).

As to the attorney-client privilege, the Seventh Circuit has adopted the general principles of the privilege as outlined by Wigmore: "(1) Where legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) except the protection be waived." United States v. Evans, 113 F.3d 1457, 1461 (7th Cir. 1997) (citing 8 John Henry Wigmore, Evidence in Trials at Common Law § 2292 (John T. McNaughton rev. 1961)). See also Rehling v. City of Chicago, 207 F.3d 1009, 1019 (7th Cir. 2000). The scope of the privilege is narrowly defined in order to minimize its impact on the search for truth through the discovery process. Evans, 113 F.3d at 1461; United States v. White, 950 F.2d 426, 430 (7th Cir. 1991). The party invoking the protection of the attorney-client privilege has the burden of establishing all of its elements. White, 950 F.2d at 430.

Exhibit 1[2]

This is an e-mail, addressed to some of the management defendants and others, which discusses a briefing the author and

---

[2]Unless indicated otherwise, the labeling used by plaintiffs in their initial brief is employed. The exhibits discussed in this opinion are not sequential because some of the issues initially raised in the motion were withdrawn or conceded.

another employee provided to the Treasury Office of Professional Responsibility ("OPR") regarding passenger targeting. It is stated that OPR was conducting an inquiry because of "media events" and a lawsuit concerning passenger targeting. Based on the attorney-client privilege, one sentence on page 2 was redacted. This sentence summarizes the author's answer to an OPR question. Based on the deliberative process and attorney-client privilege, the last paragraph was redacted. This paragraph contains the author's speculative comments regarding the likely result of the OPR investigation.

The first redaction summarily states the extent of information (without reciting any actual factual detail) the attorneys and the author had regarding the 50 women who had filed suit. It does not state any legal advice and describes information disclosed to a nonparty (the OPR representatives). Defendants shall disclose this sentence.

The second redaction is the author's speculation as to the likely result of the OPR inquiry. OPR, not the author or the recipients of his e-mail, was the entity in the process of making a decision. The document at issue was not part of any OPR deliberative process. Therefore, the deliberative requirement is not satisfied. As to the attorney-client privilege, copying a document to an attorney without any request for legal advice does not make that privilege applicable. The second redaction shall also be disclosed.

Exhibit 2

This document is a talking points memorandum prepared for the Acting Customs Commissioner (a defendant in this case) for his meeting with then-Senator Carol Mosely Braun regarding her inquiry about profiling of passengers selected for searches. Three passages are redacted: (a) promised action to offer to the Senator; (b) background comments about the Senator's political position; and (c) some advice from counsel relating to pending litigation. The first two passages are redacted based on the deliberative process privilege and the last one based on attorney-client privilege.

As to the last passage, which is only two sentences, the first sentence is indeed attorney advice related to pending litigation.[3] Disclosure of that sentence will not be required. The second sentence of that passage, however, apparently is not advice from the attorney and shall be disclosed.

Plaintiffs contend the deliberative process privilege cannot apply to this document because the privilege is limited to considerations as to agency policy, not decisions as to what to say in a meeting with a Senator. The purpose of the meeting, however, was to discuss Customs Service policy and had the potential to influence policy decisions. Therefore, talking points about positions to take with the Senator were part of the deliberative process for possible changes in agency policy. Cf.

---

[3]It is noted that this sentence contains generalized, standard advice that, even if disclosed, would not in any way be helpful to plaintiffs.

Ryan v. Department of Justice, 617 F.2d 781, 790 (D.C. Cir. 1980). However, at issue in the present case, is the question of whether defendants adequately responded to allegedly discriminatory profiling of which they allegedly were aware. Changes that were considered in response to reports of racial profiling go directly to the question of whether the management defendants' conduct was proper. Defendants will be required to disclose the first passage of Exhibit 2. The second passage, however, does not contain any such proposals and does not appear relevant to the issues involved in the present case. Disclosure of the second passage will not be required.

Exhibit 3

This is a memorandum from the Director of Field Operations for Mid-America to the Commissioner of the Customs Service. Two passages are redacted which inform the Commissioner of advice the Director had received from counsel. The redactions are appropriate.

Exhibit 5

Defendants have provide certain written complaints of passengers that were subjected to searches. Defendants have redacted the names and addresses of the complainants.[4]

---

[4] Defendants contend only 4 of the 13 complaints provided by plaintiffs are at issue. As to the other 9, defendants contend the complaints are from named plaintiffs, a deceased person, the complainant copied the complaint to one of plaintiffs' counsel, and/or the complainant's name has already been inadvertently disclosed.

Plaintiffs contend that they are entitled to the names and addresses so that they may interview the complainants.

Defendants shall provided unredacted versions of all the Exhibit 5 documents. However, as has been previously held, plaintiffs are not to contact any of the nonparty complainants unless they first obtain leave of court to contact specific complainants. See Anderson v. Cornejo, 2001 WL 219639 *5-6 (N.D. Ill. March 6, 2001).

Passenger Targeting Documents

Plaintiffs request disclosure of four documents, which are discussed below.

### Targeting Committee 4/1999 e-mails

The Passenger Processing Targeting Committee was set up to consider changes regarding targeting and produced a July 1999 report for the Commissioner of Customs containing the Committee's findings and recommendations. The e-mails at issue, though, do not discuss any policy changes regarding targeting itself. Instead, they discuss problems with collecting demographic data regarding past or future searches. No actual data is recited. Perhaps possible changes in data collection are pertinent to plaintiffs' claims; perhaps not. The e-mails, though, do not appear to contain any unguarded discussions of possible policy changes and therefore, to the extent protected at all, they fall on the periphery of any deliberative process privilege. Defendants shall disclose the e-mails.

Targeting Committee Findings and Recommendations

Defendants have provided the first few pages of the Targeting Committee's July 1999 Findings and Recommendations, which include a summary of the findings and recommendations, a description of the Committee and its assigned task, and a description of the methodology employed. Invoking the deliberative process privilege, defendants have not provided an additional seven pages containing the full findings and recommendations.[5] While it is clear that this document was prepared as part of a process of considering a policy change, neither side states whether any of the proposals were subsequently adopted as policy. It will be assumed that any final policy changes were in a different form.[6]

The document in question clearly was part of the predecisional deliberations for considering changes in targeting policy. However, the subjective intent of the Commissioner and other management defendants is at issue regarding the damages claims made against them. Proof of such intent is not easily

---

[5] Without explaining how it relates to the Targeting Committee, lumped with the Committee's Findings and Recommendations document is a document related to Passenger Electronic Processing at Newark International Airport. The latter document primarily concerns contract specifications. Defendants will not be required to disclose this document, which concerns an airport other than O'Hare and does not appear to have relevance to plaintiffs' claims.

[6] Positions that were subsequently adopted as official policy or which were subsequently disclosed are not protected by the privilege. Sears, 421 U.S. at 152-53; Brotherhood of Locomotive Engineers v. Surface Transportation Board, 1997 WL 446261 *4 (D.D.C. July 31, 1997).

obtained. Having the recommendations made to the Commissioner may be particularly helpful in making a determination of his intent, and possibly the intent of other management defendants involved in the process. Having already received a summary of the recommendations, it is doubted that disclosing the actual recommendations will have an additional chilling effect on government employees. However, Recommendation 4, which pertains to airports other than O'Hare, need not be disclosed. While the Count VIII claim for injunctive relief is national in scope, the remaining aspect of Count VIII does not require proof of the subjective intent of management; it only requires proof of actual practices of searching without adequate cause. See Cornejo, 199 F.R.D. at 264-65. The pages numbered 3 through 9 of the July 1999 Findings and Recommendation shall be disclosed except for Recommendation 4.

June 1999 OPR Report

Plaintiffs request documents which they refer to as "Internal Memorandum on Assessment of United States Customs Service Passenger Enforcement Targeting" and "1999 Treasury Officer of Professional Responsibility report on Customs' search policies and procedures". The two names apparently refer to one document, a "June 1999 OPR Report" which defendants have provided in camera. Defendants represent that they provided plaintiffs with a September 1999 Commissioner's report that addressed each recommendation of the June 1999 OPR Report, including the stated course of action to be taken by Customs. Defendants contend the

June 1999 OPR Report should be considered preparatory material for the September 1999 report that is protected by the deliberative process privilege. Defendants did not provide the court a copy of the September 1999 report.

OPR apparently is directly under the Treasury Department, not part of Customs. OPR reports would not themselves be deliberations of the Commissioner. There is no indication that any OPR official or attorney has requested that the deliberative process privilege be invoked. See Charles Alan Wright & Kenneth W. Graham, Federal Practice & Procedure § 5693 at 280-81 (1992). Compare also Landry v. FDIC, 204 F.3d 1125, 1135 (D.C. Cir.), cert. denied, 121 S. Ct. 298 (2000); Ferrell v. United States Department of Housing & Urban Development, 177 F.R.D. 425, 428 (N.D. Ill. 1998); K.L., 964 F. Supp. at 1208. But even if the OPR Report is covered by the deliberative process privilege, it should be disclosed. It apparently contains information pertinent to the Commissioner's, and possibly other defendants', subjective intent.[7] As previously indicated, such evidence is difficult to obtain. Additionally, since the Commissioner's September 1999 report has already been disclosed, disclosure of the June 1999 OPR Report is not likely to disclose additional information unduly harmful to Customs. Moreover, it apparently is OPR's duty to investigate other functions of the Treasury

---

[7] Being pertinent to defendants' subjective intent does not necessarily mean that the evidence is disfavorable to defendants. The June 1999 OPR Report may support that defendants did not act with deliberate indifference to unlawful practices.

Department. Its candor is unlikely to be chilled by disclosure of this report. Defendants shall disclose the June 1999 OPR Report.

### Treasury Department Inspector General Audit Report

Defendants provide communications between litigation counsel and Customs Service counsel confirming that an audit was suggested, but never performed. Since the requested audit report does not exist, defendants cannot be compelled to provide it.

### Performance Reviews of Defendant Customs Inspectors

Plaintiffs seek the performance reviews of the defendants who are inspectors. As required by Local Rule 37.2, prior to bringing the motion to compel, plaintiffs have made adequate attempts to resolve this discovery dispute. Defendants do not provide any specific objection to the discovery, only complaining that plaintiffs' motion does not adequately set forth the relevance of this evidence. This objection apparently was not raised as part of the Rule 37.2 proceedings, so it is understandable that plaintiffs did not address the issue in their initial brief. Plaintiffs' reply states a number of relevance grounds. Defendants shall disclose the performance reviews.

### Documents Surrounding Complaints of Racial Discrimination

Plaintiffs seek a document allegedly concerning an administrative inquiry into racial targeting allegations at Baltimore's airport. Plaintiffs contend that it is relevant to this case because the management defendants were also responsible for the Baltimore airport and therefore the Baltimore inquiry may

provide evidence pertinent to the management defendants' states of mind as regards alleged racial targeting at O'Hare. Defendants respond that the Baltimore inquiry involved racial incidents amongst employees and tensions between management and inspectors, not targeting of passengers. With the *in camera* documents, defendants provided a letter to litigation counsel confirming this representation. Disclosure of the Baltimore inquiry will not be required.

Documents Surrounding Customs' Personal Search Committee

Defendants object that Local Rule 37.2 has not been satisfied and that they cannot locate any prior request for these documents. Defendants do not raise any substantive objections to this aspect of the motion to compel. Plaintiffs have shown that Rule 37.2 was satisfied and that the materials were previously requested. See Pl. Reply Exh. K. Defendants shall provide the requested materials.

IT IS THEREFORE ORDERED that plaintiffs' motion to compel written discovery [289-1] is granted in part and denied in part as described herein. By July 27, 2001, defendants shall provide the additional documents.

ENTER:

*William T. Hart*
UNITED STATES DISTRICT JUDGE

DATED: JULY 19, 2001