UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SHARON ANDERSON, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | No. 97 C 7556 |
| v. ) | |
| ) | Judge Hart |
| MARIO CORNEJO, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## **MASTER SETTLEMENT AGREEMENT**

It is hereby stipulated by and between the plaintiffs, Michelle Absolam, Adunni Allen, Sharon Anderson, Patricia Appleton, Lenise Arnold, Barbara Arnold, Denise Arnold, Karen Blocker, Desrine Booth, Millicent Brown, Jamie Brown, Murial Brown, Stacy Browne, Kittrell Butler, Duana Byrd, Tanya Byrd-Brown, Cassandra Campbell, Anedra Carter, Cynthia Carter, Yvette Casey, Doris Chalk, Sharon Clark, LaCheryl Clarke, LaGuina Clay-Clark, Pamela Coleman, Sandra Faye Coleman, Sharai Drew, Christina Dukes, Iris Endeley, Yolanda Goff, Merline Grant, LaTonya Green, Carol Grant Hall, Stacey Harris, Keisha Harrison, Michelle Hassan, Emmanita Hendricks, Brenda Hill, Marie Hynes, Debra Jackson, Katie Jackson, Demetrius January, Hirsteen Jefferson, Jacqueline Jones, Jean Jones, Cynthia Jones, Jacquelyn Jordan-Akinola, Necole King, Arcadia Letkemann, Patricia Liddell, Iris Lidell, Eloise Marshall, Mildred Martinia, Judith McBean, Desiree McBride, Tiffanie McLeary, Ruby Mendenhall, Jackie Miller, Katherine Milner, Belvia Muhammad, Katrina Nicholson, Debra Owens, Yolanda Owens, Danella Parks, Kenyatta Parvez, Patricia Patton, Gina Phillips, Ruby Pittman, Yvette Price, Denise Pullian, Gwendolyn Richards, Damara Ross, Catina Russell, Evelyn Shelton, Corrine Sidney, Dawanda Sidney, Lucy Singleton, Candyce Smith,

Rachel Smith, Sheena Straughter, Ada Tate, Michelle Thompson, Linda Turner, Audrey Ulett, Jacqueline Waller, Karla Waugh, and Alma Williams, and the defendant United States of America, by their respective attorneys, as follows:

1. The parties do hereby agree to settle and compromise each and every claim of any kind, whether known or unknown, arising directly or indirectly from the acts or omissions that gave rise to the above-captioned action under the terms and conditions set forth in this Master Settlement Agreement.

2. The United States of America agrees to a settlement amount of one-million, eight-hundred-seventy-nine-thousand, seven-hundred and twenty-five dollars ($1,929,725.00), which sum shall be in full settlement and satisfaction of any and all claims, demands, rights, and causes of action of whatsoever kind and nature, known and unknown, arising from or resulting from any personal search, luggage search, detention, or questioning, at a border or border equivalent of the United States that occurred prior to the date of the execution of the individual release by a plaintiff or her heirs, executors, administrators or assigns, including any claims for which any plaintiff or her heirs, executors, administrators, or assigns, and each of them, now have or may hereafter acquire based on those same personal searches, luggage searches, detentions, or questionings against the United States of America, the United States Department of Homeland Security, the United States Customs Service, and their agents, agencies, and employees, in their official or individual capacities.

3. Plaintiffs and their guardians, heirs, executors, administrators or assigns hereby agree to accept the sums set forth in this Master Settlement Agreement in full settlement and satisfaction of any and all claims, demands, rights, and causes of action of whatsoever kind and nature, known and unknown, arising from or resulting from any personal search, luggage search, detention, or

questioning, at a border or border equivalent of the United States that occurred prior to the date of the execution of the individual release by a plaintiff or her heirs, executors, administrators or assigns, including any claims for which any plaintiff or her heirs, executors, administrators, or assigns, and each of them, now have or may hereafter acquire based on those same personal searches, luggage searches, detentions, or questionings against the United States of America, the United States Department of Homeland Security, the United States Customs Service, and their agents, agencies, and employees, in their official or individual capacities. Plaintiffs and their guardians, heirs, executors, administrators or assigns further agree to reimburse, indemnify and hold harmless the United States of America, the United States Department of Homeland Security, the United States Customs Service, and their agents, servants, and employees, in their individual and official capacities, from any and all such causes of action, claims, liens, rights, or subrogated or contribution interests incident to or resulting from further litigation or the prosecution of claims based on any personal search, luggage search, detention or questioning that occurred prior to the date of the execution of the individual release by a plaintiff or her heirs, executors, administrators or assigns against any third party or against the United States of America, the United States Department of Homeland Security, or the United States Customs Service, and their agents, servants, and employees, in their individual and official capacities.

    4.    This Master Settlement Agreement is not, is in no way intended to be, and should not be construed as, an admission of liability or fault on the part of the United States, its agents, servants, or employees, and it is specifically denied that they are liable to the plaintiffs. This settlement is entered into by all parties for the purpose of compromising all disputed claims, including but not

limited to, those under the Federal Tort Claims Act, and avoiding the expenses and risks of further litigation.

5.  It is also agreed, by and among the parties, that the above-payable figure of $1,929,750 includes fifty-thousand dollars ($50,000.00), representing taxable costs that would be allowable by Rule 54(d) of the Federal Rules of Civil Procedure, and that any attorney's fees and other expenses owed by the plaintiffs will be paid out of the settlement amount and not in addition thereto.

6.  It is also agreed, by and among the parties, that a total of $49,298.49, comprising the following individual amounts will be deducted from the payment amount identified in paragraph two due to debts owed by the following plaintiffs to the United States of America and its departments or agencies:

| | | | |
|---|---|---|---|
| a. | Denise Arnold | $4,000.00 | United States Department of Education |
| b. | Debra Owens | $10,594.84 | United States Department of Education |
| c. | Damara Ross | $8,000.00 | United States Department of Education |
| d. | Catina Russell | $4,536.78 | United States Department of Education |
| e. | Jacqueline Waller | $886.16 | United States Department of Education |
| f. | Lucy Singleton | $2,983.76 | United States Postal Service |
| g. | Gwendolyn Richards | $18,296.95 | United States Department of Education |

The United States shall discharge that part of each respective plaintiff's debt equal to the amount of the respective setoff. The setoff amounts are subject to accruing interest and may not represent the entire amount owed by each plaintiff.

7. It is also understood by and among the parties that pursuant to Title 28, United States Code, Section 2678, attorney's fees for services rendered in connection with this action shall not exceed 25 per centum of the amount of the compromise settlement.

8. The persons signing this Master Settlement Agreement warrant and represent that they possess full authority to bind the persons on whose behalf they are signing to the terms of the settlement. In the event any plaintiff is a minor or a legally incompetent adult, the plaintiffs must obtain court approval of the settlement at their expense. Plaintiffs agree to obtain such approval in a timely manner: time being of the essence. Plaintiffs further agree that the United States may void this settlement at its option in the event such approval is not obtained in a timely manner, in which case the Master Settlement Agreement, all the Individual Release and Hold Harmless Agreements, and the compromise settlement are null and void.

9. Payment of the settlement amount, including taxable cost and minus setoffs provided for in paragraph six, will be made by electronic funds transfer in the amount of $1,880,451.51, to a bank account later designated in writing by one of plaintiffs' attorneys. Upon payment of the above sum, Plaintiffs' attorneys agree to distribute the settlement proceeds among the plaintiffs.

10. Plaintiffs agree to dismissal of this case with prejudice, including all claims against all individual defendants, with each party bearing its own fees, costs, and expenses, except as set forth above in paragraph six.

11. The parties agree that this Master Settlement Agreement, all the terms and conditions of this compromise settlement, the Individual Release and Hold Harmless Agreements, and any additional agreements relating thereto, may be made public in their entirety, and the plaintiffs expressly consent to such release and disclosure pursuant to 5 U.S.C. § 552a(b).

12. It is contemplated that this Master Settlement Agreement may be executed in several counterparts, with a separate signature page for each party. All such counterparts and signature pages, together, shall be deemed to be one document.

AGREED:

PATRICK J. FITZGERALD
United States Attorney

By: *[signature]*
JAMES M. KUHN, SR.
Assistant United States Attorney

By: *[signature]*
JONATHAN C. HAILE
Assistant United States Attorney

Dated: 2/03/2006

*[signature]*
JUDSON H. MINER
Attorney for Plaintiffs

*[signature]*
EDWARD M. FOX
Attorney for Plaintiffs

*[signature]*
SHARON K. LEGENZA
Attorney for Plaintiffs